**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 11-364-PHX-PGR |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Angela Faith Rogers, | ) | |
| Defendant. | ) | |

Before the Court is Defendant's motion to sever. (Doc. 112.) The Government filed a response in opposition and Defendant filed a reply. (Docs. 125, 134.) For the reasons set forth below, the motion is denied.

## APPLICABLE LAW

Rule 8 of the Federal Rules of Criminal Procedure allows joinder of offenses or parties in the same indictment when they are part of "the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 14(a) permits a court to sever the defendants' trials or provide any other relief that justice requires if the joinder appears to prejudice a defendant. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. Defendants "are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540.

Federal courts have consistently expressed a preference for joint trials of defendants who have been indicted together. In *Richardson v. March*, 481 U.S. 200, 210 (1987), the Supreme Court explained that joint trials "generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability" and "by avoiding the scandal and inequity of inconsistent verdicts." Therefore, the general rule is that "defendants jointly charged are to be jointly tried." *United States v. Hernandez*, 952 F.2d 1110, 1114 (9th Cir. 1990).

## **DISCUSSION**

Defendant and her co-defendants, including her husband, Clint Rogers, are charged with conspiracy, wire fraud, and money laundering arising from an alleged conspiracy to commit mortgage fraud. Defendant contends that her trial must be severed under Rule 14(a). She cites the following prejudicial impacts of joinder: the "spillover effect" of evidence against her co-defendants; jury confusion based on her marital relationship with co-defendant Clint Rogers; and the marital privilege. Defendant's arguments are insufficient to overcome the presumption in favor joinder.

Defendant first contends that she will be prejudiced by a joint trial because of the greater "quantity of evidence" relating to her co-defendants and the "lack of specific evidence" implicating her. (Doc. 112 at 4.) To warrant severance, however, it is not enough to show that a disproportionate amount of the trial evidence will be introduced against a co-defendant. Instead, the movant must show that a joint trial will impinge on a fundamental trial right or compromise the fairness of the proceedings. *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999), *superceded in part by regulation*. Broad and general allegations of prejudice, such as those offered by Defendant, are not sufficient. *Id.*; *see United States v. Baker*, 10 F.3d 1374, 1389 (9th Cir. 1993). Moreover, because the "risk of prejudice posed by joint trials can be cured by proper jury instructions," a defendant who seeks severance "based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *Id.* (internal quotations omitted). Defendant has not made such a showing.

Defendant next contends that a joint trial will foster "improper jury speculation and inferences" that Defendant and her husband shared knowledge of the fraudulent mortgage scheme and that limiting instructions will be insufficient to address this improper inference. Doc. 112 at 5.) This argument too is unpersuasive.

Joinder is especially appropriate when the defendants are charged with conspiracy. *See Zafiro*, 506 U.S. at 537; *United States v. Sarkisian,* 197 F.3d 966, 976 (9th Cir. 1999) (noting that "a logical relationship may be shown by the existence of a common plan, scheme, or conspiracy."). As the Ninth Circuit explained in *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004): "We have previously noted that a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials."

Defendant's argument that she will be prejudiced by joinder fails to distinguish her case from those in which alleged co-conspirators were properly tried together. She has not explained how the evidence against her will be different in a severed trial; nor has she convinced the Court that appropriate limiting instructions will not adequately prevent juror confusion. *See Hanley*, 190 F.3d at 1027; *United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir. 1986).

Finally, Defendant contends that the marital communications privilege and the privilege against adverse spousal testimony will prevent her from presenting a complete defense in a joint trial because "Clint Rogers can prevent Angela Rogers from testifying about her communications with [him], and [he] could unilaterally testify but refuse to give testimony favorable to [her]." (Doc. 112 at 8.) Defendant's concerns are speculative. There is no evidence that Mr. Rogers will invoke the marital privilege to prevent Defendant from testifying or will testify himself. If he does testify, there is no suggestion that his testimony will be adverse to Defendant or that her testimony would be adverse to him. In fact,

Defendant states that she "would testify that she had no conversations with Clint Rogers in regard to the alleged fraudulent nature of the mortgage fraud transactions." (Doc. 112 at 6.)

Based on this record, Defendant has not met her burden of showing that a joint trial would cause her specific and compelling prejudice based on the potential assertion of the marital communication privilege or the privilege against adverse spousal testimony. *See United States v. Vaccaro*, 816 F.2d 443, 450 (9th Cir. 1987), *abrogated on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988).

Accordingly,

**IT IS HEREBY ORDERED denying** Defendant's motion to sever (Doc. 112).

DATED this 17th day of October, 2011.

Paul G. Rosenblatt
United States District Judge